UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:17-CR-55-TAV-DCP-1 ) |
| DANIEL LYNN WILLIAMS, | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on defendant's pro se motions for a new hearing and appointment of counsel [Doc. 108] and for a status update on that motion [Doc. 112]. In his motion for a new hearing and appointment of counsel, defendant contends that his counsel lied to him about how his sentence would be calculated, and therefore, a new hearing, with new counsel, is necessary [Doc. 108].

"Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence[.]" *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Claims that counsel was constitutionally ineffective are properly raised in a § 2255 motion. *Kuehne v. United States*, Nos. 3:10cv379, 3:03cr063-1, 2011 WL 5526002, at *7 (S.D. Ohio Aug. 10, 2011) ("Federal prisoners who wish to pursue claims for ineffective assistance of counsel thus usually 'should do so by way of a collateral proceeding pursuant to 28 U.S.C. § 2255'" (quoting *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005)).

Defendant appears to acknowledge that his complaints about counsel's performance are properly raised in a § 2255 motion, as defendant has also filed a § 2255 motion raising these claims [Doc. 114], which remains pending before the Court. Accordingly, defendant's instant motion for a new hearing and appointment of counsel [Doc. 108] is both improper and duplicative and is therefore **DENIED**. The Court will address the allegations raised in defendant's pending § 2255 motion in due course. Further, in light of this ruling, defendant's motion for a status update on his motion for a new hearing and appointment of counsel [Doc. 112] is **DENIED AS MOOT**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE